UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA K. MASHBURN,<br><br>                  Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. C22-5538-JHC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

      This matter comes before the Court *sua sponte*. Plaintiff's Complaint seeking review of the Commissioner's decision denying social security benefits was filed on July 28, 2022. Dkt. 3. The Clerk issued summonses that same day. Dkt. 4. Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve the defendant within 90 days after the complaint is filed. However, by January 3, 2023, Plaintiff still had not served Defendant, prompting the Court to issue an order directing Plaintiff to file proof of service on Defendant no later than January 17, 2023, or to show cause as to why this case should not be dismissed. Dkt. 5. In its order, the Court advised that Plaintiff's failure to comply may result in the dismissal of this case. *Id*. at 2. As of January 19, 2023, Plaintiff has neither effectuated service nor responded to the Court's order. Given Plaintiff's failure to comply with the Court's order, the Court finds it proper to dismiss this case without prejudice.

      "A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to

ORDER DISMISSING CASE WITHOUT
PREJUDICE - 1

require a motion from a party." *Chambers v. NASCO*, Inc., 501 U.S. 32, 49; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633, ("[w]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."); *Fitzsimmons v. Gilpin*, 368 F.2d 561, 562 (9th Cir. 1966) ("The power of the court to dismiss an action for failure to prosecute with reasonable diligence is settled.").

Because dismissal is a harsh penalty, the Court must weigh several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986).

Applying the *Henderson* factors to this case supports dismissal. The first and second factors are often considered together because they both underlie a finding of unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Here, Plaintiff has failed to take action despite the Court's order, and has not filed anything since July 28, 2022, resulting in a case that is simply sitting on the Court's docket. With respect to the third factor, unreasonable delay in the prosecution of a case "creates a presumption of injury to the defense." *Henderson*, 779 F.2d at 1423. Though this presumption is rebuttable, Plaintiff has failed to rebut it due to unresponsiveness. The fourth factor requires the Court to consider public policy, which favors the disposition of cases on their merits. While the Court respects the policy favoring disposition of cases on their merits, it is a plaintiff's duty to move the matter towards that disposition at a reasonable pace and to refrain from dilatory conduct. Again, Plaintiff has taken no action since last summer to move the case forward, and has failed to respond to the Court's order. Finally,

the Court cannot say a less drastic alternative is available considering Plaintiff's unresponsiveness. Accordingly, the Court DISMISSES this matter without prejudice.

DATED this 19th day of January, 2023.

*John H. Chun*

John H. Chun
United States District Judge